Brent H. Blakely (SBN 157292)
bblakely@blakelylawgroup.com
Mark S. Zhai (SBN 287988)
mzhai@blakelylawgroup.com
Colby A. Meagle (SBN 328594)
cmeagle@blakelylawgroup.com
BLAKELY LAW GROUP
1334 Parkview Avenue, Suite 280
Manhattan Beach, California 90266
Telephone: (310) 546-7400
Facsimile: (310) 546-7401

*Attorneys for Plaintiff*
*Chrome Hearts LLC*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHROME HEARTS LLC, a Delaware Limited Liability Company, <br><br> Plaintiff, <br><br> vs. <br><br> FASHION NOVA, INC. a California Corporation; and DOES 1-10, inclusive, <br><br> Defendants. | CASE NO.: <br><br> **COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF** <br><br> **1. TRADEMARK INFRINGEMENT** <br><br> **2. FALSE DESIGNATION OF ORIGIN AND FALSE DESCRIPTIONS** <br><br> **3. UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE, § 17200,** *et seq.* <br><br> **4. COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff Chrome Hearts LLC ("Chrome Hearts" or "Plaintiff") for its Complaint against Defendant Fashion Nova, Inc. ("Fashion Nova") and DOES 1-10 (collectively, "Defendants") alleges as follows:

## JURISDICTION AND VENUE

1. Plaintiff files this action against Defendants for trademark infringement and false designation of origin under the Lanham Trademark Act of 1946, 15 U.S.C. § 1051 *et seq.* (the "Lanham Act"), and related claims of trademark infringement and unfair competition under the statutory and common law of the State of California. This Court has subject matter jurisdiction over Plaintiff's Lanham Act claims under 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a).

2. This Court has supplemental jurisdiction over Plaintiff's state and common law claims pursuant to 28 U.S.C. § 1367(a), because those claims are so related to Plaintiff's federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

3. This Court has personal jurisdiction over Defendants because Defendants reside in California, are engaged in interstate commerce within the state of California, and committed tortious acts of infringement complained of in California, including, on information and belief, the sale of apparel products bearing unauthorized and infringing copies of Plaintiff's federally registered trademarks to residents of California, and as a result, caused Plaintiff substantial injury in the State of California.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendants reside in this Judicial District and a substantial part of the events giving rise to Plaintiff's claims herein occurred in this Judicial District.

## THE PARTIES

5. Plaintiff Chrome Hearts LLC ("Chrome Hearts") is a limited liability company organized and existing under the laws of the state of Delaware, with an office and principal place of business located at 915 North Mansfield Avenue, Los Angeles, California 90038.

6. Defendant Fashion Nova, Inc. ("Fashion Nova") is a corporation organized and existing under the laws of the state of California, with an office and principal place of business located at 2801 East 46th Street, Vernon, California 90058.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

7. Chrome Hearts is unaware of the names and true capacities of Defendants, whether individuals, corporate and/or partnership entities, named herein as DOES 1 through 10, inclusive, and therefore sues them by their fictitious names. Chrome Hearts will seek leave to amend this complaint when their true names and capacities are ascertained. Upon information and belief, each one of Defendants Fashion Nova and DOES 1 through 10, inclusive, caused or are in some manner responsible for causing the wrongful acts alleged herein, and that at all relevant times each one was the agent, servant, and/or employee of the other Defendants acting within the course and scope of said agency, service, and employment.

8. Upon information and belief, at all relevant times herein, each one of Defendants Fashion Nova and DOES 1 through 10, inclusive, knew or reasonably should have known of the wrongful acts and behavior alleged herein and the damages caused thereby, ratified and encouraged such acts and behavior, and/or had a non-delegable duty to prevent such acts and behavior but failed or refused to do so.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

**A.   The Chrome Hearts Brand and Trademarks**

9. Chrome Hearts has been designing, manufacturing, and selling artistically styled leather goods, apparel, jewelry, and accessories since 1988.

10. Chrome Hearts sells a wide variety of quality artistic products, including leather pants, leather jackets, leather vests, sterling silver jewelry, including necklaces, bracelets, rings and wallet chains, belt buckles, fabric apparel, bags and a wide collection of other products, including furniture, eyewear, and crystal ware.

11. Chrome Hearts products are sold in the exclusive CHROME HEARTS stores throughout the world and in select specialty stores, such as Selfridges in London, Bergdorf Goodman in New York and the United Arrows and Dover Street Market Ginza boutiques in Japan.

12. Chrome Hearts is known for combining the look of rugged apparel with fashion attire to make fashion apparel and accessories. All of Chrome Hearts' leather

products are adorned with sterling silver hardware, including all of the buttons and ornamental pieces. Chrome Hearts is also known for using suede inlay designs in connection with leather clothing.

13. Entertainers, such as Madonna, Arnold Schwarzenegger, Rihanna, Cher, Kate Hudson, Tom Brady, David Beckham, and Lenny Kravitz can all be seen in Chrome Hearts' fashions.

14. In 1993, the Council of Fashion Designers of America ("CFDA") presented Chrome Hearts with an unsolicited award as designer of the year for its innovative accessories and jewelry designs.

15. Virtually all Chrome Hearts® products, including clothing, denim, and jewelry, are handmade in Los Angeles by Chrome Hearts' craftsmen. The level of expert workmanship exercised by these individuals is superior and conforms with the strict standards established by Chrome Hearts.

16. Chrome Hearts® products have been praised and recognized in numerous articles appearing in both trade publications and publications directed to the general public around the world, including articles in the United States, Germany, Japan and France. These articles have acclaimed the high artistry, fashion and style of Chrome Hearts' designs and the uniqueness of the designs.

17. Among Chrome Hearts' most important assets is the intellectual property associated with the Chrome Hearts brand. Among other intellectual property, Chrome Hearts is the owner of the CHROME HEARTS word mark, as well as various design only marks and composite trademarks comprising the CHROME HEARTS word mark and design components (hereinafter collectively the "Chrome Hearts Marks").

18. Chrome Hearts' most iconic and well recognized trademarks include, but are not limited to, the following U.S. trademark registrations:

| Mark | Reg. No. | Relevant Goods |
|---|---|---|
| Chrome Hearts Plus Horseshoe Design Composite Mark | 2,216,575 | Clothing; namely, tee shirts, shirts, tank tops, pants, chaps, jeans, sweaters and jackets. |
| Horseshoe with Plus Mark | 3,542,742 | Clothing, namely, tee shirts, shirts, tank tops, sweat shirts, sweat pants, jeans, pants, sweaters, skirts, dresses, jackets, coats, undergarments, hats, socks and footwear. |
| Chrome Hearts plus Horseshoe Design | 2,408,082 | Men's and women's clothing; namely, jeans, leather pants, skirts, jackets, chaps, sweaters, vests, tee-shirts and shirts. |

19. Chrome Hearts has always devoted substantial time, effort, and money to designing, developing, advertising, promoting, and marketing its products, and spends on average over $1 million per year on advertising, promoting, and marketing the

CHROME HEARTS® brand. As a result of its efforts, Chrome Hearts has sold over a billion dollars' worth of goods, including apparel products, all bearing one or more of the Chrome Hearts Marks.

20. Registrations for many of the Chrome Hearts Marks, including the specific registrations identified above, are valid, subsisting and are incontestable. Through longstanding use, advertising, and registration, the Chrome Hearts Marks have achieved a high degree of consumer recognition and constitute famous marks.

21. Chrome Hearts has continuously used the Chrome Hearts Marks in interstate commerce in connection with the sale, distribution, promotion, and advertising of its goods since their respective dates for first use.

22. The Chrome Hearts Marks have come to identify, in the United States and throughout the world, high quality leather fashions, jewelry, apparel and accessories designed and manufactured by Chrome Hearts.

23. Due to Chrome Hearts' long use, extensive sales, and significant advertising and promotional activities, the Chrome Hearts Marks have achieved widespread acceptance and recognition amongst the consuming public and trade throughout the United States.

**B.    Defendants' Infringing Conduct**

24. The present lawsuit arises from Defendants' manufacture, importation into the U.S., distribution, marketing, advertisement, offering for sale, and/or sale of certain apparel products that bear identical and/or confusingly similar unauthorized copies of one or more Chrome Hearts Marks.

25. Upon information and belief, Fashion Nova is a "fast fashion" retail company engaged in the promotion, marketing, and sale of clothing products and accessories. Upon information and belief, Fashion Nova operates at least five (5) brick-and-mortar retail locations in California where its products are sold, including the apparel products at issue, as well as through its website (fashionnova.com) to consumers throughout the United States.

1  26. Chrome Hearts has not granted a license or given Defendants any form of permission to use intellectual property belonging to Chrome Hearts, including the Chrome Hearts Marks, in any way.

27. Upon information and belief, Fashion Nova offered for sale, sold, and/or shipped to consumers in this judicial district apparel products that bear identical or confusingly similar reproductions of one or more Chrome Hearts Marks identified in the table above such as Fashion Nova's "Love Warrior Crop Top" (the "Infringing Products"), an exemplar of which is shown in the following photograph from Fashion Nova's website:



*Exemplary Infringing Product*

28. Upon information and belief, Defendants' unlawful acts have misled and confused, and were intended to cause confusion, or to cause mistake, or to deceive as to the origin, affiliation, or association of the Infringing Products with Chrome Hearts, and the sponsorship or approval of the Infringing Products by Chrome Hearts.

# FIRST CAUSE OF ACTION

## (Trademark Infringement Under the Lanham Act, 15 U.S.C. § 1114)

29. Plaintiff incorporates by reference each and every one of the preceding paragraphs as though fully set forth herein.

30. The Chrome Hearts Marks are nationally recognized, including within the Central District of California, as being affixed to goods and merchandise of the highest quality, with Chrome Hearts being the exclusive source of all such products.

31. The specific U.S. registrations to the Chrome Hearts Marks identified herein are in full force and effect, and each one has been in continuous use since their respective first dates of use. Indeed, the specific U.S. registrations identified herein, like many Chrome Hearts Marks, are incontestable by virtue of their registrations and continuous use in commerce for more than five years.

32. The Infringing Products bear identical or confusingly similar reproductions of one or more Chrome Hearts Marks that are likely to lead to and result in consumers believing that Chrome Hearts produced, sponsored, authorized, licensed or is otherwise connected or affiliated with Defendants' commercial and business activities, all to the detriment of Chrome Hearts.

33. Defendants' use of the Chrome Hearts Marks is without Chrome Hearts' permission or authority and in total disregard of Chrome Hearts' rights to control its intellectual property.

34. Upon information and belief, Defendants' acts are deliberate and intended to confuse the public as to the source of Defendants' goods or services and to injure Chrome Hearts and reap the benefit of Chrome Hearts' goodwill associated with the Chrome Hearts Marks.

35. As a direct and proximate result of Defendants' infringing conduct, Chrome Hearts has been injured and will continue to suffer injury to its business and reputation unless Defendants are enjoined by this Court from advertising, selling, and

offering for sale products bearing the Chrome Hearts Marks that are not in fact authentic Chrome Hearts® products.

36. Chrome Hearts has no adequate remedy at law.

37. In light of the foregoing, Chrome Hearts is entitled to injunctive relief prohibiting Defendants from using any of the Chrome Hearts Marks, and/or any marks identical and/or confusingly similar thereto, and to recover from Defendants all damages, including attorneys' fees, that Chrome Hearts has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendants as a result thereof, in an amount not yet known, attorneys' fees and treble damages, as well as the costs of this action pursuant to 15 U.S.C. §§ 1117(a)-(b), and/or statutory damages pursuant to 15 U.S.C. § 1117(c).

## SECOND CAUSE OF ACTION

### (False Designation of Origin and False Descriptions – 15 U.S.C. § 1125(a))

38. Chrome Hearts incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

39. Defendants' unauthorized use of marks confusingly similar to the Chrome Hearts Marks on its merchandise in interstate commerce and advertising relating to same constitutes false designation of origin and a false representation that the goods are manufactured, offered, sponsored, authorized, licensed by or otherwise connected with Chrome Hearts or come from the same source as Chrome Hearts' goods when in fact they do not.

40. Defendants' use of the Chrome Hearts Marks is without Chrome Hearts' permission or authority and in total disregard of Chrome Hearts' rights to control its trademarks.

41. Defendants' activities are likely to lead to and result in confusion, mistake or deception, and are likely to cause the public to believe that Chrome Hearts has produced, sponsored, authorized, licensed or is otherwise connected or affiliated with Defendants' commercial and business activities, all to the detriment of Chrome Hearts.

42. Chrome Hearts has no adequate remedy at law.

43. In light of the foregoing, Chrome Hearts is entitled to injunctive relief prohibiting Defendants from using any of the Chrome Hearts Marks, and/or any marks identical and/or confusingly similar thereto, and to recover from Defendants all damages, including attorneys' fees, that Chrome Hearts has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendants as a result thereof, in an amount not yet known, attorneys' fees and treble damages, as well as the costs of this action pursuant to 15 U.S.C. §§ 1117(a)-(b), and/or statutory damages pursuant to 15 U.S.C. § 1117(c).

## THIRD CAUSE OF ACTION

**(Unfair Competition in Violation of Cal. Bus. Code § 17200, *et seq*.)**

44. Plaintiff incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

45. The Chrome Hearts Marks are strong and distinctive marks that have been in use for many years and have achieved enormous and widespread public recognition.

46. Through prominent, long, and continuous use in commerce, the Chrome Hearts Marks have become and continue to be famous and distinctive in the State of California.

47. Defendants' misappropriation of the Chrome Hearts Marks was intended to capitalize on Chrome Hearts' goodwill for Defendants' own pecuniary gain.

48. Defendants' unauthorized use of the Chrome Hearts Marks dilutes the distinctive quality of the Chrome Hearts Marks and decreases the capacity of such marks to identify and distinguish Chrome Hearts' products and has caused a likelihood of harm to Chrome Hearts' business reputation.

*49.* By the acts described above, Defendants have caused and will continue to cause irreparable injury to Chrome Hearts' goodwill and business reputation, in violation of Cal. Bus. & Prof. Code § 17200 *et seq.*

50. Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

51. Defendants are liable to Chrome Hearts for all damages, whether direct or indirect, for the misappropriation of Chrome Hearts' trademarks, reputation and goodwill, which damages are subject to trebling.

52. Upon information and belief, Defendants will continue their infringing acts unless restrained by this Court.

53. Defendants' acts have damaged and will continue to damage Chrome Hearts, and Chrome Hearts has no adequate remedy at law.

54. In light of the foregoing, Chrome Hearts is entitled to all available relief provided for under the California Unfair Business Practices Act, including permanent injunctive relief, restitution, and attorneys' fees and costs.

## FOURTH CAUSE OF ACTION

**(Common Law Trademark Infringement and Unfair Competition)**

55. Chrome Hearts incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

56. Chrome Hearts owns and enjoys common law trademark rights to the Chrome Hearts Marks in California and throughout the United States.

57. Defendants' misappropriation of Chrome Hearts' common law trademarks was intended to capitalize on Chrome Hearts' goodwill for Defendants' own pecuniary gain. Chrome Hearts has expended substantial time, resources and effort to obtain an excellent reputation for itself and its family of Marks. As a result of Chrome Hearts' efforts, Defendants are now unjustly enriched and are benefiting from property rights that rightfully belong to Chrome Hearts.

58. Defendants' unauthorized use of the Chrome Hearts Marks has caused and is likely to cause confusion as to the source of Defendants' products, all to the detriment of Chrome Hearts.

59. Defendants' acts are willful, deliberate, and intended to confuse the public and to injure Chrome Hearts.

60. Defendants' acts constitute unfair competition under the common law of the state of California.

61. Chrome Hearts has no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendants' infringing conduct unless it is enjoined by this Court.

62. The conduct herein complained of was extreme, outrageous, fraudulent, and was inflicted on Chrome Hearts in reckless disregard of Chrome Hearts' rights. Said conduct was despicable and harmful to Chrome Hearts and as such supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of Defendants and to deter them from similar such conduct in the future.

63. In light of the foregoing, Chrome Hearts is entitled to injunctive relief prohibiting Defendants from using the Chrome Hearts Marks to recover all damages, including attorneys' fees, that Chrome Hearts has sustained and will sustain and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, and the costs of this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Chrome Hearts LLC respectfully prays that this Court enter judgment in its favor and against Defendants as follows:

1. Entry of an ORDER granting temporary, preliminary and permanent injunctive relief restraining and enjoining Defendants, their officers, agents, employees, and attorneys, and all those persons or entities in active concert or participation with them from:

   a. manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling Infringing Products and/or any other products that bear the Chrome Hearts Marks, or any other marks confusingly similar thereto;

   b. engaging in any other activity constituting unfair competition with Chrome Hearts, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations and design elements associated with Chrome Hearts;

   c. committing any other act which falsely represents or which has the effect of falsely representing that the goods and services of Defendants are licensed by, authorized by, offered by, produced by, sponsored by, or in any other way associated with Chrome Hearts;

  2. Entry of an ORDER directing Defendants to recall from any distributors and retailers and to deliver to Chrome Hearts for destruction, or other disposition, all remaining inventory of the Infringing Products, in addition to any other goods that infringe upon Chrome Hearts' rights to the Chrome Hearts Marks, including all advertisements, promotional and marketing materials therefore, as well as means of making same in their possession or under their control;

  3. Entry of an ORDER directing Defendants to disclose their supplier(s) and manufacturer(s) of the Infringing Products and to provide all evidence, documents, receipts, and invoices showing the purchases and sales of the Infringing Products, and an accounting of profits derived from the Infringing Products;

  4. Entry of an ORDER directing Defendants to file with this Court and serve on Chrome Hearts within thirty (30) days after entry of the injunction a report in writing, under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

  5. Entry of an ORDER for an accounting by Defendants of all gains, profits, and/or advantages derived from their infringing acts pursuant to 15 U.S.C. § 1117(a);

  6. An award of all profits that Defendants have derived from using the Chrome Hearts Marks, trebled, as well as costs and attorneys' fees to the full extent provided for by Section 35 of the Lanham Act; alternatively, an award of statutory

damages pursuant to 15 U.S.C. § 1117 up to $2 million per trademark counterfeited and infringed, per type of good;

    7.    An award of enhanced damages due to Defendants' willful infringement;

    8.    An award of applicable interest amounts, costs, disbursements, and/or attorneys' fees, as an exceptional case under 15 U.S.C. § 1117 or otherwise;

    9.    An award of fees and punitive damages to the full extent available in connection with Chrome Hearts' claims under California law; and

    10.    Any such other relief that may be just and proper.

Dated: August 6, 2020

BLAKELY LAW GROUP

By: */s/ Colby A. Meagle*
Brent H. Blakely
Mark S. Zhai
Colby A. Meagle
***Attorneys for Plaintiff
Chrome Hearts LLC***

# DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Chrome Hearts LLC hereby demands a trial by jury as to all claims in this Action.

Dated: August 6, 2020         BLAKELY LAW GROUP

By:  */s/ Colby A. Meagle*_____
Brent H. Blakely
Mark S. Zhai
Colby A. Meagle
***Attorneys for Plaintiff
Chrome Hearts LLC***