Staci Jennifer Riordan (SBN 232659)
Ryan C.C. Duckett (SBN 288750)
**NIXON PEABODY LLP**
One California Plaza
300 S. Grand Avenue, Suite 4100
Los Angeles, CA 90071
Telephone: 213.629.6000
Facsimile: 213.629.6001
sriordan@nixonpeabody.com
rduckett@nixonpeabody.com

Attorneys for Defendant
Fashion Nova, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHROME HEARTS LLC, a Delaware Limited Liability Company,<br><br>                           Plaintiff,<br><br>              vs.<br><br>FASHION NOVA, INC.,<br><br>                           Defendant. | Case No. 2:20-cv-07068-FMO-PLA<br><br>**DEFENDANT FASHION NOVA, INC.'S ANSWER TO COMPLAINT** |

Defendant Fashion Nova, Inc. ("Fashion Nova") hereby answers the Complaint of Plaintiff Chrome Hearts LLC ("Plaintiff") as follows:

## JURISDICTION AND VENUE

1.    Fashion Nova does not believe that a response is required to paragraph 1. To the extent a response is required, Fashion Nova admits that Plaintiff's complaint purports to state various causes of action under federal, state and the common law and that this Court has subject matter jurisdiction over Plaintiff's Lanham Act claims under 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a).

4836-0375-4192.1

Except as so admitted, Fashion Nova denies the remaining allegations in paragraph 1.

2.      In response to paragraph 2, Fashion Nova admits that this Court has supplemental jurisdiction under 28 U.S.C § 1367 over claims that are so related to the claims within the court's original jurisdiction that they form part of the same case or controversy. Fashion Nova lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 2.

3.      In response to paragraph 3, Fashion Nova admits that this court has personal jurisdiction over it because it is found here. Except as so admitted, Fashion Nova denies the remaining allegations of paragraph 3.

4.      In response to paragraph 4, Fashion Nova admits that venue is proper in this district. Except as so admitted, Fashion Nova denies the remaining allegations of paragraph 4.

## PARTIES

5.      Fashion Nova lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5.

6.      Fashion Nova admits the allegations of paragraph 6.

7.      Fashion Nova lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7.

8.      Fashion Nova denies the allegations of paragraph 8.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

9.      Fashion Nova lacks sufficient information to either admit or deny the allegations contained therein and on that basis denies each and every allegation contained in paragraph 9.

10.     Fashion Nova lacks sufficient information to either admit or deny the allegations contained therein and on that basis denies each and every allegation contained in paragraph 10.

11. Fashion Nova lacks sufficient information to either admit or deny the allegations contained therein and on that basis denies each and every allegation contained in paragraph 11.

12. Fashion Nova lacks sufficient information to either admit or deny the allegations contained therein and on that basis denies each and every allegation contained in paragraph 12.

13. Fashion Nova lacks sufficient information to either admit or deny the allegations contained therein and on that basis denies each and every allegation contained in paragraph 13.

14. Fashion Nova lacks sufficient information to either admit or deny the allegations contained therein and on that basis denies each and every allegation contained in paragraph 14.

15. Fashion Nova lacks sufficient information to either admit or deny the allegations contained therein and on that basis denies each and every allegation contained in paragraph 15.

16. Fashion Nova lacks sufficient information to either admit or deny the allegations contained therein and on that basis denies each and every allegation contained in paragraph 16.

17. Fashion Nova lacks sufficient information to either admit or deny the allegations contained therein and on that basis denies each and every allegation contained in paragraph 17.

18. Fashion Nova lacks sufficient information to either admit or deny the allegations contained therein and on that basis denies each and every allegation contained in paragraph 18.

19. Fashion Nova lacks sufficient information to either admit or deny the allegations contained therein and on that basis denies each and every allegation contained in paragraph 19.

20. Fashion Nova lacks sufficient information to either admit or deny the

allegations contained therein and on that basis denies each and every allegation contained in paragraph 20.

21.    Fashion Nova lacks sufficient information to either admit or deny the allegations contained therein and on that basis denies each and every allegation contained in paragraph 21.

22.    Fashion Nova lacks sufficient information to either admit or deny the allegations contained therein and on that basis denies each and every allegation contained in paragraph 22.

23.    Fashion Nova lacks sufficient information to either admit or deny the allegations contained therein and on that basis denies each and every allegation contained in paragraph 23.

24.    Fashion Nova lacks sufficient information to either admit or deny the allegations contained therein and on that basis denies each and every allegation contained in paragraph 24.

25.    In response to paragraph 25, Fashion Nova admits it promotes, markets, and sells clothing online and in brick and mortar stores.  Except as so admitted, Fashion Nova denies the remaining allegations of paragraph 25.

26.    Fashion Nova admits paragraph 26, but denies it is or was required to seek a license or receive any form of permission from Plaintiff because it denies it used any intellectual property belonging to Plaintiff.

27.    In response to paragraph 27, Fashion Nova denies that it has offered for sale, sold or shipped products that bear identical or confusingly similar reproductions of one or more of Plaintiff's trademarks identified in the Complaint, including but not limited to Fashion Nova's "Love Warrior Crop Top."  Fashion Nova lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 27.

28.    Fashion Nova denies the allegations contained in paragraph 28.

**FIRST CLAIM FOR RELIEF**

29.    Paragraph 29 contains no factual allegations, and therefore, does not require a response. To the extent that paragraph 29 re-alleges the allegations of any of paragraphs 1-28, Fashion Nova's responses to said paragraphs are unchanged here.

30.    In response to paragraph 30, Fashion Nova denies that the Plaintiff's trademarks alleged in the Complaint are nationally recognized, including within the Central District of California, as being affixed to goods and merchandise of the highest quality, with Plaintiff being the exclusive source of all such products.

31.    Fashion Nova lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31.

32.    Fashion Nova denies the allegations contained in paragraph 32.

33.    Fashion Nova denies it used Plaintiff's trademarks as alleged in the Complaint and thus denies the allegations contained in paragraph 33.

34.    Fashion Nova denies the allegations contained in paragraph 34.

35.    Fashion Nova denies the allegations contained in paragraph 35.

36.    Fashion Nova denies the allegations contained in paragraph 36.

37.    Fashion Nova denies the allegations contained in paragraph 37.

**SECOND CLAIM FOR RELIEF**

38.    Paragraph 38 contains no factual allegations, and therefore, does not require a response. To the extent that paragraph 38 re-alleges the allegations of any of paragraphs 1-37, Fashion Nova's responses to said paragraphs are unchanged here.

39.    Fashion Nova denies it used Plaintiff's trademarks as alleged in the Complaint and thus denies the allegations contained in paragraph 39.

40.    Fashion Nova denies it used Plaintiff's trademarks as alleged in the

Complaint and thus denies the allegations contained in paragraph 40.

41.    Fashion Nova denies the allegations contained in paragraph 41.

42.    Fashion Nova denies the allegations contained in paragraph 42.

43.    Fashion Nova denies the allegations contained in paragraph 43.

## **THIRD CLAIM FOR RELIEF**

44.    Paragraph 44 contains no factual allegations, and therefore, does not require a response. To the extent that paragraph 44 re-alleges the allegations of any of paragraphs 1-43, Fashion Nova's responses to said paragraphs are unchanged here.

45.    Fashion Nova lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45.

46.    Fashion Nova lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46.

47.    Fashion Nova denies the allegations contained in paragraph 47.

48.    Fashion Nova denies the allegations contained in paragraph 48.

49.    Fashion Nova denies the allegations contained in paragraph 49.

50.    Fashion Nova denies the allegations contained in paragraph 50.

51.    Fashion Nova denies the allegations contained in paragraph 51.

52.    Fashion Nova denies the allegations contained in paragraph 52.

53.    Fashion Nova denies the allegations contained in paragraph 53.

54.    Fashion Nova denies the allegations contained in paragraph 54.

## **FOURTH CLAIM FOR RELIEF**

55.    Paragraph 55 contains no factual allegations, and therefore, does not

require a response. To the extent that paragraph 55 re-alleges the allegations of any of paragraphs 1-54, Fashion Nova's responses to said paragraphs are unchanged here.

56.     Fashion Nova lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 56.

57.     Fashion Nova denies the allegations contained in paragraph 57.

58.     Fashion Nova denies the allegations contained in paragraph 58.

59.     Fashion Nova denies the allegations contained in paragraph 59.

60.     Fashion Nova denies the allegations contained in paragraph 60.

61.     Fashion Nova denies the allegations contained in paragraph 61.

62.     Fashion Nova denies the allegations contained in paragraph 62.

63.     Fashion Nova denies the allegations contained in paragraph 63.

## ANSWER TO PLAINTIFF'S PRAYER FOR RELIEF

Fashion Nova denies each and every averment and request for relief contained in the Prayer for Relief of the Complaint.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

1.     The Complaint and each and every purported claim for relief thereof, fails to state facts sufficient to constitute any claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

2.     The Complaint, and each and every purported claim for relief thereof, is barred (in whole or in part) because Fashion Nova has not infringed and is not liable for the infringement of the purported trademarks that Plaintiff asserts in this action.

### THIRD AFFIRMATIVE DEFENSE

3.  The Complaint, and each and every purported claim for relief thereof, is barred (in whole in part) because, on information and belief, Plaintiff's claims are barred in whole or in part by virtue of Plaintiff's unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

4.  Fashion Nova is informed and believes and on that basis alleges that the Complaint, and each and every purported claim for relief thereof, is barred (in whole or in part) because the purported trademarks that Plaintiff asserts in this action are invalid, void, or unenforceable.

### FIFTH AFFIRMATIVE DEFENSE

5.  Fashion Nova is informed and believes and on that basis alleges that the Complaint, and each and every purported claim for relief thereof, is barred (in whole or in part) because Plaintiff's alleged trademarks do not serve a source-identifying function because they are merely decorative. Therefore, Plaintiff has no valid trademark rights.

### SIXTH AFFIRMATIVE DEFENSE

6.  There is no appreciable risk that Plaintiff will suffer any irreparable injury to its business or property by reason of any acts allegedly committed by Fashion Nova.

### SEVENTH AFFIRMATIVE DEFENSE

7.  Plaintiff's claims and the relief requested are barred based on fair use.

### EIGHTH AFFIRMATIVE DEFENSE

8.  In the event Plaintiff suffered any damages as a consequence of any of the acts alleged in the complaint, which Fashion Nova denies, those damages were caused by the acts or omissions of parties other than Fashion Nova.

## NINTH AFFIRMATIVE DEFENSE

9.  Fashion Nova is informed and believes and on that basis alleges that the Complaint, and each and every purported claim for relief thereof, is barred (in whole or in part) because Fashion Nova was privileged and justified in acting as it did as a company acting for business purposes in the marketplace, protected by the privilege for competitors with a reasonable opportunity for investigation or discovery being likely to, provide evidentiary support.

## TENTH AFFIRMATIVE DEFENSE

10. Fashion Nova is informed and believes and on that basis alleges that the Complaint, and each and every purported claim for relief thereof, is barred (in whole or in part) because Plaintiff has failed to name parties necessary for a full and complete adjudication of its claims, including without limitation as required by Rule 19 of the *Federal Rules of Civil Procedure* with a reasonable opportunity for investigation or discovery being likely to provide evidentiary support.

## ELEVENTH AFFIRMATIVE DEFENSE

11. The Complaint, and each and every purported claim for relief thereof, is barred (in whole or in part) by the applicable statute of limitations.

## TWELFTH AFFIRMATIVE DEFENSE

12. Fashion Nova is informed and believes and on that basis alleges that the Complaint, and each and every purported claim for relief thereof; is barred (in whole or in part) because Plaintiff has sustained no loss or damages for which a reasonable opportunity for investigation or discovery is likely to provide evidentiary support.

## THIRTEENTH AFFIRMATIVE DEFENSE

13. If Plaintiff suffered any damages, which Fashion Nova denies, Fashion Nova acted in good faith, innocent of any knowledge or intent to infringe Plaintiff's rights or cause damage to Plaintiff; and if such good faith and lack of intent does not

preclude liability, any general or statutory damages awarded to Plaintiff should be reduced accordingly.

### FOURTEENTH AFFIRMATIVE DEFENSE

14. On information and belief, Plaintiff's claims are barred by the doctrine of laches.

### FIFTEENTH AFFIRMATIVE DEFENSE

15. The Complaint, and each and every purported claim for relief thereof, fails to state facts sufficient to permit recovery of attorneys' fees against Fashion Nova; and therefore, no such award should be granted.

### SIXTEENTH AFFIRMATIVE DEFENSE

16. Plaintiff has failed to mitigate the damages, if any, that Plaintiff has allegedly suffered.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17. On information and belief, Plaintiff's claims are barred by the doctrine of acquiescence.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18. Fashion Nova alleges that any purported damages sought by the Plaintiff in the form of Fashion Nova's profits are limited by the apportionment.

### NINETEENTH AFFIRMATIVE DEFENSE

19. Fashion Nova alleges that it is legally impossible for it to have engaged in infringement of Plaintiff's purported copyrighted works, as Fashion Nova did not supply, produce, license, manufacture, distribute, or sell Plaintiff's purported trademarked works.

### TWENTIETH AFFIRMATIVE DEFENSE

20. On information and belief, Plaintiff's claims are barred by the doctrine of waiver.

## **TWENTY-FIRST AFFIRMATIVE DEFENSE**

21. On information and belief, Plaintiff's claims are barred by the doctrine of estoppel.

WHEREFORE, Fashion Nova prays as follows:

1.      That Plaintiff takes nothing, whether in the form of damages or injunctive relief, by its Complaint;

2.      For a judgment dismissing the Complaint with prejudice;

3.      That Plaintiff's request for an injunction be denied;

4.      That Plaintiff's request for an accounting be denied;

5.      That Plaintiff's request for statutory damages be denied;

6.      That Plaintiff's request for treble damages be denied;

7.      That Plaintiff's request for award of applicable interest amounts, costs, disbursements, and/or attorneys' fees, as an exceptional case under 15 U.S.C. § 1117 or otherwise be denied;

8.      That Plaintiff's request for an award of fees and punitive damages be denied;

9.      That Plaintiff's request for fees and costs be denied;

10.     That any other request of relief by Plaintiff's be denied;

11.     For an award of reasonable attorneys' fees pursuant to 15 U.S.C. § 1117 and/or 35 U.S.C. § 285;

12.     For an award of Costs; and

13.     For such other and further relief as the Court deems just and proper.

1    Dated:  November 2, 2020                    NIXON PEABODY LLP

2

3                                               By: /s/ Staci Jennifer Riordan
                                                    Staci Jennifer Riordan
4                                                   Attorneys for Defendant
                                                    FASHION NOVA, INC.
5

6

7

8

9

10

11

12                              **<u>JURY DEMAND</u>**

13          Defendant hereby demands a trial by jury on all issues properly triable before

14   a jury.

15

16   Dated:  November 2, 2020                    NIXON PEABODY LLP

17

18                                              By: /s/ Staci Jennifer Riordan
                                                    Staci Jennifer Riordan
19                                                  Attorneys for Defendant
                                                    FASHION NOVA, INC.
20

21

22

23

24

25

26

27

28